UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASHLEY HICKS and KRISTIN RAYMOND,
on behalf of themselves and all other employees
similarly situated,

                Plaintiffs,

      -against-

T.L. CANNON CORP., d/b/a APPLEBEE'S or
APPLEBEE'S NEIGHBORHOOD BAR AND
GRILL; T.L. CANNON MANAGEMENT CORP.;
TLC WEST, LLC; TLC CENTRAL, LLC;
TLC UTICA, LLC; TLC NORTH, LLC;
DAVID A. STEIN, individually and as Owner and
Chairman of T.L. Cannon Corp. and as Director and
Chairman of T.L. Cannon Management Corp.;
MATTHEW J. FAIRBAIRN, individually and as
Owner and President of T.L. Cannon Corp. and as
Director and Chief Executive Officer of T.L. Cannon
Management Corp.; and  JOHN A. PERRY,
individually and as Vice-President and Director of
Operations of T.L. Cannon Corp. and as President of
T.L. Cannon Management Corp.,

                Defendants.

Civil Case No. 12-cv-06517

**TOLLING
AGREEMENT,
STIPULATED
DISCOVERY AND
SCHEDULING ORDER**

---

     **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned

counsel that:

*Tolling Agreement*

     1.     The statute of limitations period for alleged violations of the Fair Labor Standards

Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), is hereby tolled for all putative opt-in plaintiffs between

September 24, 2012 and April 30, 2013.  In the event this deadline is extended by the Court, and

the reason for the extension is not solely attributable to the actions of the Plaintiff, the statute of

limitations for FLSA claims for all putative opt-in plaintiffs shall be tolled up to and including

the new deadline set by the Court.

***Stipulated Scheduling Order***

2.      Plaintiffs hereby withdraw their Motion for Expedited Notice Pursuant to the Fair Labor Standards Act and their Motion to Expedite their Motion for Expedited Notice, filed September 26, 2012, Docket Nos. 11, 14;

3.      Plaintiffs will file a Stage I § 216(b) motion for conditional certification no earlier than May 1, 2013. In the event the April 30, 2013 deadline is extended by the Court, Plaintiffs will file a Stage I § 216(b) motion for conditional certification no earlier than one day following the new deadline set by the Court.  The defendants' opposition papers to such motion, if any, shall be filed no later than 30 days after such motion is filed; the plaintiffs' papers in further support of their motion, if any, shall be filed no later than seven days after the defendants file their opposition, if any, to such motion. The parties agree that even though they will engage in discovery prior to the filing of the motion, the motion for § 216(b) certification shall be evaluated under the Stage I standard for § 216(b) certification.

4.      The plaintiffs may file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 no earlier than May 1, 2013.  In the event the April 30, 2013 deadline is extended by the Court, Plaintiffs will file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 no earlier than one day following the new deadline set by the Court.  If the motion is not filed within two weeks of such date, at an appropriate time the Court will set a deadline for the plaintiffs to file a motion for class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

5.      Plaintiffs' opposition papers to defendants' Motion to Change Venue (Docket No. 24) shall be filed on or before December 17, 2012 and defendants' papers in further support of

their motion to change venue, if any, shall be filed on or before January 7, 2013.

6.      The dates set forth above refer to calendar days, not business days. If any of the above dates by which papers are to be filed falls on a date on which the United States District Court for the Western District of New York is closed, the date by which the papers are to be filed is advanced to the next day on which the United States District Court for the Western District of New York is open.

***Stipulated Discovery Order***

7.      The parties hereby agree to following limited discovery for the purpose of Rule 23 certification and Stage I §216(b) notification with such discovery being completed by April 30, 2013:

a.  The defendants are entitled to depose the two named plaintiffs, and ten opt-in plaintiffs of defendants' choosing.

b.  Defendants are entitled to serve written discovery demands directed to the two named plaintiffs and the same ten opt-in plaintiffs chosen by defendants to depose, not to exceed 25 document requests and 25 interrogatories for each plaintiff.

c.  The parties agree that if an opt-in plaintiff does not respond to discovery within the time period for such discovery, any testimony from that individual shall not be considered for the purposes of Stage I certification and that the defendants are also entitled to select another substitute opt-in plaintiff for the purposes of discovery. An individual who is unable or unwilling to cooperate during this stage of discovery shall not be subject to dismissal from the action at this stage of the proceedings for failure to cooperate in discovery, but defendants reserve the right to make a motion to dismiss that individual if that individual does not cooperate during discovery after the Court's ruling on Stage I § 216(b) certification.

d.  At least 14 days prior to the deposition of any plaintiff, the defendants shall produce to plaintiffs' counsel:

i.  That plaintiff's personnel file(s), maintained by defendants or their agents;

ii.  All payroll records and payroll data for that plaintiff, including all

-3-

timesheets, schedules, timesheets or time records for that plaintiff, and to the degree that such records have abbreviations or codes, the defendants will explain the meaning of such codes;

iii. Identify the plaintiff's supervisor(s) or manager(s) during that plaintiff's tenure with the defendants and the dates during which those manager(s) or supervisor(s) had supervisory responsibility in relation to that plaintiff;

iv. Any documents responsive to plaintiffs' document requests that are relevant to the plaintiff's location and are relevant to issues related to class certification, and defendant reserves all rights to object and file a motion for a protective order prior to producing documents responsive to such requests and such objection(s) or motion(s) shall be adjudicated prior to any deposition; and

v. Any other documents the defendants may use during the course of the deposition.

The plaintiffs are entitled to conduct a 30(b)(6) deposition, and to notice up to five other individuals employed by the defendant for depositions, limited to issues relevant to class certification. Additionally, plaintiffs are entitled to depose a supervisory employee for any location at which a deposed plaintiff worked and who has knowledge of the factual circumstances existing in that location during plaintiffs' tenure, limited to issues relevant to class certification.

e. Plaintiffs are entitled serve 25 interrogatories and 25 document requests on defendants, limited to issues relevant to class certification.

f. None of the discovery requests or deposition during this period of limited discovery shall count towards the limitations on discovery set forth in the Federal Rules of Civil Procedure.

g. Although discovery at this stage is limited to issues relevant to class certification, any plaintiff who is deposed shall not later be subject to additional discovery and the defendants are free to question those plaintiffs on issues related to both liability and class certification issues at this stage of the proceedings.

8. The parties consent to Magistrate Judge jurisdiction only for the purpose of resolving any discovery disputes between the parties.

### Alternative Dispute Resolution

9. The parties stipulate and agree to extend the deadline to complete the first mediation session to 60 days following the Court's ruling on plaintiffs' § 216(b) motion, in the

event the Court is amenable to such an extension, as the parties believe this would be the most efficient use of the mediation process in a case such as this.

*Electronically Stored Information ("ESI")*

10. The parties are complying with their obligations to preserve ESI. The parties and any consultants shall confer no later than December 17, 2012 to develop an ESI plan as part of their Rule 16 conferral.

Date: November 27, 2012
Rochester, New York

/s/Erin W. Smith
Craig R. Benson, Esq.
Erin W. Smith, Esq.
LITTLER MENDELSON
   A Professional Corporation
400 Linden Oaks, Suite 110
Rochester, NY  14625
Telephone: 585-203-3400
E-mail:  ewsmith@littler.com

*Attorneys for Defendants*

Date: November 27, 2012
Rochester, New York

/s/J. Nelson Thomas
J. Nelson Thomas, Esq.
THOMAS & SOLOMON LLP
The Strong Todd House
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
E-mail:nthomas@theemploymentattorneys.com

*Attorneys for Plaintiffs*

**SO ORDERED:**

Hon. Michael A. Telesca
:115112571.11